IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROLANDO JAVIER COLON,<br>Plaintiff,<br><br>v.<br><br>BUDGET/AVIS RENTAL CAR LLC,<br>Defendant. | CIVIL ACTION<br><br><br><br>NO.  20-4078 |

## MEMORANDUM

Plaintiff Rolando Javier Colon, a convicted and sentenced prisoner incarcerated at Northampton County Prison, brings this civil rights action against "Budget/Avis Rental Car LLC" in its official and individual capacity.  Colon seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Colon leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.      FACTUAL ALLEGATIONS

The allegations in Colon's Complaint are brief.  Colon avers that on April 16, 2019, he was driving a rental car[1] and was pulled over because the registration on the rental car had expired two months prior.  Colon further avers that the Easton Police told him that that he had given them probable cause "to search [him] and the car."  Colon was searched, "they found drugs on [him]," and he was arrested.

Colon avers that "if this situation never would of occur[r]ed [he] would of still been going to work to provide for [his] 5 year old autistic son and family and wouldn't be suff[e]ring from an[xie]ty and depression."  Colon asserts that he has sustained "mental injuries" and has

---

[1] Colon asserts the car he was driving had been rented by his friend, Ed Griffin.

1

lost his family, job, home, and property.  Colon seeks damages in the amount of $75,000 for the foregoing losses which resulted from his incarceration.

## II.    STANDARD OF REVIEW

The Court will grant Colon leave to proceed *in forma pauperis* because it appears he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   Conclusory allegations do not suffice. *Id.*  As Colon is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

### A. Federal Claims

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988). In the Complaint, Colon assigns blame to the only named Defendant, Budget/Avis, for his arrest, claiming that he was pulled over because the registration on the rental car he was driving had expired two months prior.

---

[2] However, as Colon is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

Whether a defendant is acting under color of state law—*i.e.*, whether the defendant is a state actor—depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). "To answer that question, [the Third Circuit] ha[s] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Budget/Avis provides car and truck rental services to businesses and consumers in the United States and internationally. There is no basis alleged in Colon's Complaint to determine that Budget/Avis or its employees are state actors. To the extent, therefore, that Colon is raising claims under § 1983, any federal constitutional claims against Budget/Avis must be dismissed with prejudice pursuant to § 1915(e)(2)(B) because § 1983 claims against this non-state actor are not plausible.

**B.  State Law Claims**

Although unclear to the Court, Colon may also be raising state law tort claims against the named Defendant. Because the Court has dismissed Colon's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims Colon seeks to assert against Budget/Avis. Accordingly, the only independent basis for jurisdiction over any such claims is 28

U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (alteration in original) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members."  *Zambelli*, 592 F.3d at 420.  "The burden of establishing federal jurisdiction rests with the party asserting its existence."  *Lincoln Benefit*, 800 F.3d at 105.  In some cases, "a plaintiff may allege that the defendant is *not* a citizen of the plaintiff's state of citizenship" after conducting a reasonable investigation into the defendant's citizenship.  *Id.* at 107-08.

Colon has not explicitly specified his citizenship, and instead has listed his mailing address as the Northampton County Prison in Easton, Pennsylvania.[3]  The citizenship of "Budget/Avis Rental Car LLC," is not alleged in the Complaint; Colon has merely listed the mailing address of the only named Defendant as Allentown, Pennsylvania.  Colon's allegations

---

[3] The presumption adopted by the United States Court of Appeals for the Third Circuit is that "the domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment.  That presumption, however, may be rebutted by showing a *bona fide* intent to remain in the state of incarceration on release." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).

4

do not explicitly reveal the Defendant's citizenship for purposes of plausibly establishing diversity. Moreover, Colon seeks damages in the amount of $75,000, which does not meet the required amount in controversy. *See Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011) (jurisdiction was lacking where "the amount in controversy in this case is $75,000—exactly one penny short of the jurisdictional minimum of the federal courts"). Accordingly, Colon has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims he may be raising, and the Court will dismiss any state claims on that basis. *See Lincoln Benefit*, 800 F.3d at 106-07.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Colon leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The federal claims will be dismissed with prejudice for failure to state a claim upon which relief may be granted. To the extent Colon seeks to bring any state law claims, as it appears from the face of the pleadings that diversity is lacking, the state law claims will be dismissed without prejudice for lack of federal jurisdiction.

An appropriate order follows.

**September 14, 2020**                                                      **BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**